IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 20-104 |
| | ) |
| PARIS CARTER | ) |

**Opinion and Order on Motion for a Bill of Particulars**

Presently before the Court is Defendant Paris Carter's Motion for a Bill of Particulars with Brief in Support. ECF Nos. 201 & 202. The government has filed an Omnibus response opposing the Motion, to which Mr. Carter has filed a Reply. ECF Nos. 208 & 209.

**I.     Applicable Law**

Mr. Carter is charged in a two-count Indictment with Conspiracy to Possess with Intent to Distribute and Distribution of 400 grams or more of Fentanyl and 100 grams or more of Acetyl Fentanyl, from January 2017 to February 2018; and Conspiracy to Commit Money Laundering, from June 2017 to February 2018. ECF No. 8. Mr. Carter requests that the Court issue an Order directing the government to file a bill of particulars as to the money laundering conspiracy charge in Count 2, pursuant to Federal Rule of Criminal Procedure 7(f). Rule 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment, or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). A bill of particulars is a "'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor.'" *United States v. Urban*, 404 F.3d 754, 771-772 (3d Cir. 2005) (quoting Black's Law Dictionary 177 (8th ed. 2004)). "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" *United States v. Addonizio*, 451

F.2d 49, 63-64 (3d Cir. 1972).  "Only where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,' will we find that a bill of particulars should have been issued." *Urban*, 404 F.3d at 771-772 (quoting *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989) (citing *Addonizio*, 451 F.2d at 62-63)).

For a conspiracy charge, a "request for the 'when, where and how' of any overt acts not alleged in the indictment is 'tantamount to a request for "wholesale discovery of the Government's evidence," which is not the purpose of a bill of particulars under Fed. R. Crim. P. 7(f).'"  *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975) (quoting *Addonizio*, 451 F.2d at 64). A "bill of particulars is not a discovery tool by which defendants obtain disclosure of every detail of the theory and preparation of the Government's case."  *United States v. Cardillo*, No. CRIM.A. 13-121-2 JBS, 2015 WL 3409324, at *5 (D.N.J. May 27, 2015).  The Third Circuit has also "held that a defendant is not entitled to a list of uncharged overt acts and uncharged criminal conduct, nor is he entitled to a list of the identities of Government witnesses." *Cardillo*, 2015 WL 3409324, at *5 (citing *United States v. Di Pasquale*, 740 F.2d 1282, 1294 (3d Cir. 1984)) (other citations omitted).

**II.    Count 2 of the Indictment and the Request for a Bill of Particulars**

With respect to the money laundering conspiracy charged in Count 2, the Indictment states that the conspiracy occurred in the Western District of Pennsylvania and elsewhere, from June 2017 to February 2018.  It names Paris Carter and Tamara Carter as coconspirators and alleges that they conspired with persons both known an unknown to the grand jury.  The Indictment also sets forth the activity, in general, that comprised the criminal acts.  Count 2 alleges that the conspirators knowingly conducted and attempted to conduct financial

transactions involving the proceeds of a specified unlawful activity, the conspirators knew that the property involved in the financial transactions represented the proceeds of unlawful activity; the conspirators actions were intended to promote the carrying on of the specified unlawful activity; the conspirators knew that the transactions were designed to conceal and disguise relevant information regarding the proceeds of the specified unlawful activity; and the conspirators knew that the transactions were designed to avoid a transaction reporting requirement under Federal law.  The conspirators are alleged to have knowingly engaged or attempted to engage in monetary transactions involving in criminally derived property of a value greater than $10,000.

Although the above information alleges a generic "unlawful activity," in describing the "manner and means" of the conspiracy the Indictment specifically identifies that the unlawful activity is the "illegal drug--trafficking conspiracy" charged in Count 1.  The "manner and means" section also provides the following information:

- Mr. Carter used the unlawful financial proceeds to purchase illegal narcotics.
- Mr. Carter would instruct others, including Tamara Carter, to lease and/or purchase assets, including high-end vehicles, in their own name on Mr. Carter's behalf in order to conceal the nature location, source, ownership, and control of said proceeds.
- Mr. Carter would instruct others to make multiple purchases, including cashier's checks and money orders, at various financial institutions in relatively small amounts, on Mr. Carter's behalf, in order to conceal the nature, location, source, ownership, and control of said funds.
- Mr. Carter would structure and cause others to structure financial transactions in amounts less than $10,000 in an attempt to avoid causing financial institutions and businesses to file legally required reports, and
- Mr. Carter would use, or attempt to use, said cash proceeds in transactions of a value greater than $10,000.

Mr. Carter  requests a bill of particulars that identifies all unnamed co-conspirators and all aiders and abettors; a description of the nature of any agreements between Mr. Carter and

alleged co-conspirators (to include the approximate month and year the agreement took place; the judicial district where the agreement took place; and the identity of the individuals entering into the agreement); the specific overt acts committed in furtherance of the conspiracy and who committed them; the actions attributable to Mr. Carter, including the dates of any financial transactions involving the proceeds of unlawful activity; the factual basis for the government's assertion that the financial transactions involved the proceeds of unlawful activity; and a general description of each act the government intends to prove at trial that is not identified in the indictment, including the participants, dates, and locations of such acts.

### III. Discussion

Rule 7(f) states that, a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. Proc. 7(f). The present Motion was filed on December 12, 2023, approximately two and one-half months prior to trial. While the Court will address the instant Motion on the merits, it would be fair to deny the Motion as being filed too late in comparison to the trial date. Discovery is either complete or near complete, and as explained below, the discovery materials provide the defense with nearly all items requested. Also, all activities by counsel and the Court are likely being directed towards preparing for trial. Thus, it is not prudent to divert the government from trial preparation to prepare a written bill of particulars summarizing the bulk of the government's evidence. Nonetheless, the court finds a bill of particulars is not necessary in this case for the following reasons.

Count 2 of the Indictment is clearly worded and provides the essential facts supporting the charge of conspiracy to commit money laundering. The essential facts are that, from June 2017 to February 2018, Mr. Carter conspired with his co-defendant Tamara Carter, and unnamed

others, to conduct financial transactions involving the proceeds of an unlawful activity (specifically, the drug trafficking as charged on Count 1), to conceal such financial transactions, and to use such financial transactions to carry on the unlawful activity. The Indictment further alleges that Mr. Carter would instruct Tamara Carter, and others, to lease and/or purchase assets, including high-end vehicles, in their own name, but on behalf of Mr. Carter. The Indictment also alleges that Mr. Carter would instruct others to purchase, for example, cashier's checks and money orders at different locations and in small amounts in furtherance of the conspiracy. Mr. Carter is also alleged to have structured, and caused others to structure, financial transactions in less than $10,000 to avoid the filing of required reports.

Overall, Mr. Carter's requests for specific information to be included in a bill of particulars are "'tantamount to a request for "wholesale discovery of the Government's evidence," which is not the purpose of a bill of particulars under Fed. R. Crim. P. 7(f).'" *Armocida*, 515 F.2d at 54 (quoting *Addonizio*, 451 F.2d at 64). The information Mr. Carter requests from the government has already likely been turned over to the defense during discovery, to the extent that the government is aware of the existence of the information and is required to produce the materials. In addition, the Pennsylvania Affidavit submitted in support of searching Mr. Carter's electronic devices, provides an extensive description of the alleged conduct committed in support of the money laundering conspiracy, obviating the need for a bill of particulars. *See* ECF No. 206-1, Def. Ex. F, at ¶¶ 26-38 (Under Seal). In part, the Affidavit provides the following information:

- names of financial institutions,
- a name of a third-party co-conspirator,
- descriptions and amounts paid of several purchases,
- dates of when certain events occurred, and
- descriptions of two of Mr. Carter's bank accounts as well as transactions involving Mr. Carter's prepaid credit cards.

The Affidavit goes on to provide detailed information regarding the purchase and/or lease of high-end luxury cars by Tamara Carter for use primarily by Mr. Carter. The Affidavit provides significantly more details of the money laundering conspiracy that the ones mentioned here. Mr. Carter's request for a bill of particulars includes requests for much of the information provided in the Affidavit. In addition, the government submits that it has provided "extensive discovery of bank records, records related to purchases of vehicles and the rental of homes, and various other documents and pictures [as] evidence [of] his money laundering activities." Govt. Omnibus Resp. at 9.

### IV.     Conclusion

Considering the extensive discovery materials, which provide much of the specific information requested by Mr. Carter, a bill of particulars is not warranted. The Court also concludes that the Indictment informs Mr. Carter of the charge asserted against him in Count 2, permits him to adequately prepare his defense, is sufficient to avoid surprise during trial, and protects Mr. Carter against a second prosecution for an inadequately described offense. *Addonizio*, 451 F.2d at 63-64. Accordingly, the Motion for a Bill of Particulars will be denied.

### ORDER

AND NOW, this 9th day of February 2024 it is hereby ORDERED that Defendant Paris Carter's Motion for a Bill of Particulars (ECF No. 201) is DENIED.

Marilyn J. Horan
United States District Judge