IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 20-104 |
| | ) | |
| PARIS CARTER | ) | |

**Order on Paris Carter's Motions in Limine**

Presently before the Court is Defendant Paris Carter's Consolidated Motions in Limine, ECF No. 214, to which the government has filed an Omnibus Response, ECF No. 219.

I.

Mr. Carter moves to exclude evidence, arguments, or references to Mr. Carter's prior 2011 conviction, his prior 2019 conviction, and unrelated criminal proceedings against him that are currently pending in state court in California. Additionally, he moves to exclude the government from using evidence of his prior convictions on cross-examination of Mr. Carter, should he choose to testify. The government responds that, during its case-in-chief, it will not introduce evidence of Mr. Carter's criminal history or his pending California charges. However, if Mr. Carter does testify, the government states that it does intend to question Mr. Carter about his prior convictions, pursuant to Federal Rule of Evidence 609. The government requests that the Court defer ruling on this issue until facts have been developed to permit a thorough balancing of the necessary factors

Mr. Carter's request to exclude the introduction of evidence, arguments, or references to Mr. Carter's prior 2011 conviction, his prior 2019 conviction, and unrelated criminal proceedings against him that are currently pending in state court in California is GRANTED, insofar as the government indicates it is not introducing such evidence in its case-in-chief.

The Court will DEFER ruling on Mr. Carter's request to exclude the government from using evidence of his prior convictions on cross-examination of Mr. Carter, should he choose to testify. When, and if appropriate, counsel shall bring the matter to the Court's attention for a ruling promptly so as to not delay trial.

II.

Mr. Carter moves to exclude evidence that Mr. Carter possessed firearms and/or ammunition, either actual physical firearms and ammunition, or photographs of his possession of the same. The government opposes exclusion of such evidence, arguing that firearms and ammunition are tools of the trade of drug traffickers; and, in the alternative, the evidence is admissible under Federal Rule of Evidence 404(b). The Court will deny the Motion in Limine. Firearms and ammunition are tools of the trade of drug traffickers and such evidence is intrinsic to the instant drug trafficking offense. The Court further finds that the probative value of such evidence, given the alleged facts of the charged drug conspiracy, is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Accordingly, the Motion in Limine to exclude evidence of firearms is DENIED.

III.

Mr. Carter seeks to exclude evidence pertaining to federal agents' communications and interactions with several confidential sources and/or cooperating individuals as to uncharged conduct. The government states that it does not intend to introduce such evidence at trial. Accordingly, the Motion is GRANTED.

IV.

Mr. Carter also seeks to preclude the government from arguing that Mr. Carter has a reputation for violence (or other comparable traits). The government, referring to its anticipated

direct examination of government witnesses, does not intend to solicit testimony sa to Mr. Caret's reputation for violence. However, should either defendant question a cooperating witness about the benefits received from the government for testifying; specifically, benefits related to the witness's safety, then the government does intend to question such witnesses as to why they felt they needed protection, which will likely elicit information regarding Mr. Carter's reputation for violence.

The Motion to Exclude the government from introducing evidence that Mr. Carter has a reputation for violence is GRANTED insofar as the government does not intend to introduce such evidence on direct examination. The Motion is DENIED as to the government's introduction of evidence of Mr. Carter's reputation for violence on redirect examination of any witness in which cross-examination opened the door to the introduction of such evidence. Out of an abundance of caution, the Court directs counsel to inform the Court as soon as any issue arises and before such evidence is presented to the jury. Upon notice that such evidence is likely to be introduced, further argument will be heard in order to define the contours of the permissible evidence.

VI.

Mr. Carter moves to exclude evidence, arguments, or commentary of the dangers of heroin and fentanyl and the widespread impact of the opioid epidemic on our society. The government generally agrees with Mr. Carter's Motion, except the government does intend to introduce narrowly defined and limited evidence explaining why fentanyl traffickers dilute fentanyl and use masks while processing it as demonstrating the fact that fentanyl is potent and dangerous.

The Motion is GRANTED, insofar as the government does not intend to directly refer to such matters as the opioid epidemic, etc.  The Motion is DENIED, as to the government's intention to introduce evidence related to the fact that fentanyl is potent and dangerous, including evidence as to why fentanyl traffickers dilute fentanyl, why they use masks while processing fentanyl, any other measures drug traffickers take to ensure their own safety in the presence of fentanyl, and specific reference to evidence found during the investigation indicating that measures were taken to ensure the safety of those who handled fentanyl.

VII.

Mr. Carter moves to exclude evidence of his high-end luxury purchases.  The government primarily argues that evidence of unexplained wealth implies an association with drug trafficking.  The government explains that evidence that a defendant, who lacks legitimate income but is able to spend large amounts of money, raises the reasonable inference that the money is produced through drug trafficking of fentanyl.  In addition, several of the high-end luxury purchases are also of evidentiary value as to the money laundering charge, as applied to both defendants.

The Motion to exclude evidence of his high-end luxury purchases is DENIED.

VIII.

Finally, Mr. Carter asks the government to provide notice of any witness, whom the government has learned that such will refuse to testify.  The government has agreed to provide such notice.  Accordingly, the Motion is GRANTED.

SO ORDERED, this 15th day of February 2024.

_____
Marilyn J. Horan
United States District Judge