IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 20-104 |
| | ) |
| PARIS CARTER | ) |

**Opinion and Order on Motion to Dismiss for Violation of the Speedy Trial Act**

 Presently before the Court is Defendant Paris Carter's Motion to Dismiss for Violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. ECF No. 203. The government has filed an Omnibus response opposing the Motion, to which Mr. Carter has filed a Reply. ECF Nos. 208 & 209. Mr. Carter contends that his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act has been violated. Specifically, Mr. Carter argues that 38 days must be counted against the speedy trial clock because of the delay between Mr. Carter's Motion to Suppress becoming ripe and the Court resolving said motion. Mr. Carter also argues that excludable time attributable to his co-defendant cannot reasonably be attributed to him, and therefore another 146 days must be counted against the speedy trial clock. After review of the pleadings and the relevant filings implicating the Speedy Trial Act, the Court finds no violation.

 **I.**  **Applicable Law**

 When considering a defendant's speedy trial rights, the United States Supreme Court has directed courts to weigh "the conduct of both the prosecution and the defendant," a balancing test that "necessarily compels courts to approach speedy trial cases on an ad hoc basis." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). To assist courts in evaluating such cases the Supreme Court has identified four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. The four factors are neither "a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are

related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. With respect to the length of delay

> Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.

*Id.* at 530–31.

## II.    Discussion

On November 12, 2020, Mr. Carter appeared before a Magistrate Judge and entered a plea of not guilty to the charges in the Indictment, which started his speedy trial clock.  ECF Nos. 45, 47; 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an [] indictment with the commission of an offense shall commence within seventy days. . . from the date the defendant has appeared before a judicial officer of the court in which such charge is pending").  That same date, counsel for Mr. Carter made an oral motion, which was granted, to extend the time to file pretrial motions to December 28, 2020.  ECF Nos. 48 & 49.  Mr. Carter filed several additional motions to extend the time to file pretrial motions, all of which were granted, thereby extending the deadline to March 21, 2022.  18 U.S.C. § 3161(h)(7)(A).  On March 21, 2022, Mr. Carter filed a Motion to Suppress Evidence.  ECF No. 100.

### A.    Resolution of the Motion to Suppress

Mr. Carter's focus is on the time elapsed between when his Motion to Suppress was ripe and the Court resolved the Motion.  The government filed its Response on April 5, 2022.  ECF No. 105.  The government supplemented their response with additional exhibits, filed under seal. ECF No. 106.  According to Mr. Carter, as of April 7, 2022, the "Court had 'all the papers it

reasonably expect[ed] from the parties.'" Deft. Mot. To Dismiss, at 3 (quoting *United States v. Adams*, 35 F.4th 137, 148 (3d Cir. 2022). However, pursuant to Local Criminal Rule 12, a movant, in this case the Defendant, is entitled to file a Reply Memorandum to the government's Response. The Local Rule states, in part, that "[t]he movant may file and serve a reply memorandum within fourteen days after service of the response." LCrR 12.D. Therefore, in hindsight the Court may have had all necessary pleadings by April 7, 2022, but the Court could not know, nor would it be reasonable for the Court to assume, that the Defendant was not going to file a Reply until the deadline of April 21, 2024. Accordingly, the Motion to Suppress was not ripe until April 21, 2022.

The time between when the Motion to Suppress was ripe and when it was decided is therefore 54 days, not 68 as claimed by Mr. Carter. Excluding the allowable time of 30 days for when the Motion is under advisement, results in 38 days having elapsed off the speedy trial clock, according to Mr. Carter. 18 U.S.C. § 3161(h)(1)(H). However, based on Third Circuit precedent, as well as relevant case law, the Court concludes that no time had run on Mr. Carter's speedy trial clock as a result of the resolution of his Motion to Suppress. In *United States v. Willaman*, the Third Circuit approved the tolling of the speedy trial clock from the date of filing of pretrial motions, until the date the court decided said motions, amounting to a period of 85 days. The *Willaman* Court stated:

> Of course, in this case the period between Willaman's arraignment on May 17, 2004, and the commencement of his trial on October 19, 2004, far exceeded 70 days. But as we have indicated, on May 25, 2004, eight days after his arraignment, Willaman filed several pretrial motions. As we also have indicated *the filing of a pretrial motion tolls the running of the 70–day period. Consequently, the running of the 70–day clock was tolled from May 25, 2004, until August 18, 2004, when the court denied the motions.*

437 F.3d 354, 359 (3d Cir. 2006) (emphasis added). Other courts have concluded that the speedy trial clock was properly tolled, for periods longer that 30 days, between the filing of a pretrial

motion and the resolution of the motion. In *Zuniga*, a *Franks* motion was found to have tolled the Speedy Trial Act from when it was filed, through the date the Court denied the motion as moot, a period of 187 days. *United States v. Zuniga*, No. 2:18-CR-00224-BRM-2, 2020 WL 94830, at *3 (D.N.J. Jan. 8, 2020). *See also United States v. Davis*, No. CR 4:16-138, 2016 WL 6909108, at *5 (M.D. Pa. Nov. 23, 2016), aff'd, 728 F. App'x 125 (3d Cir. 2018) (a period of 50 days, while the Court resolved all pretrial motions, was properly excluded); *United States v. Zahir*, No. CIV.A.07-4524, 2008 WL 5050180, at *4 (E.D. Pa. Nov. 26, 2008), aff'd, 404 F. App'x 585 (3d Cir. 2010) ("all time from the filing of the defendant's pretrial motions on January 18, 2005, until the conclusion of the pretrial hearing on June 15, 2005, was excludable," a period of 148 days) (citing *Willaman*, 437 F.3d at 359); and *United States v. Hogeland*, No. 05-CR-162, 2007 WL 9718794, at *3 (E.D. Pa. Nov. 15, 2007) ("the entire period between the August 29, 2005 filing [of Defendant's motion] and May 31, 2006 disposition of Defendant's suppression motion is excluded from Defendant's speedy trial period," a period of 275 days)[1].

Here, Mr. Carter's suppression motion has resulted in excludable delay from the time it was filed on March 21, 2022 through the date the motion was decided on June 16, 2022, pursuant to 18 U.S.C. § 3161(h)(1)(D). In addition, as explained below, because Mr. Carter is joined for trial with a codefendant, and because Tamara Carter has been granted multiple extensions of time to file pretrial motions, including time overlapping with the 54-day period of delay before the Motion to Suppress was decided, the speedy trial clock has been stopped from running for both codefendants. 18 U.S.C. § 3161(h)(6).

---

[1] In *Hogeland*, the Court succinctly explained that "the delay created by the granting of unopposed continuance requests and the overlapping period during which Defendant's Motion to Suppress was pending are excluded from Defendant's speedy trial period. These exclusions eliminate the entire period of delay at issue here." *United States v. Hogeland*, No. 05-CR-162, 2007 WL 9718794, at *2 (E.D. Pa. Nov. 15, 2007)

### B. Codefendant's Motions

Next, Mr. Carter argues that 78 days elapsed on the speedy trial clock between June 22, 2022, and August 31, 2022. He acknowledges that during this time period the speedy trial clock was stopped as a result of codefendant Tamara Carter's motions to extend the time to file pretrial motions. ECF Nos. 108 & 116 (excluding time from May 20, 2022, through August 31, 2022). Mr. Carter argues, however, that it is not reasonable to attribute Tamara Carter's excludable delay to Mr. Carter. Deft. Mot. at 4-5 (citing *United States v. Lightfoot*, 483 F.3d 876, 885 (8th Cir. 2007), *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999), and *United States v. Cordova*, 157 F.3d 587, 599 (8th Cir. 1998)). Mr. Carter cites several reasons in support of demonstrating that it would not be reasonable to impute Tamara Carter's delay to Mr. Carter. He argues that the court dates of the codefendants did not align, that Tamara Carter's motions to extend time were on a separate track from Mr. Carter's case, Tamara Carter's motions were individualized to her by the Court, and Mr. Carter was not consulted as to his view of the motions.

The Speedy Trial Act states that a court may exclude a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Mr. Carter's arguments against applying this subsection of the Act to his and his codefendant's case are unavailing. As to Mr. Carter's argument that he and codefendant's "court dates" do not align, with respect to the speedy trial act, it is not uncommon that, in multiple defendant cases, the codefendants will not have similarly aligned "court dates." The Court finds that this argument has no effect on the calculation of excludable time. The same is true of Mr. Carter's argument that Tamara Carter's motions to extend time were on a separate track from Mr. Carter's case. Short of codefendants

intentionally choosing to pursue a joint defense and actively ensuring that their cases are on the same track, each defendant and their counsel are free to defend their case in the manner they see fit.

As to Tamara Carter's motions being individualized to her by the Court, it is true that she did not file her motions on behalf of Mr. Carter, nor did Mr. Carter seek to join in her motions. The Court finds no speedy trial significance as such is a typical occurrence in a multi-defendant case. Finally, Mr. Carter argues that it is not reasonable to attribute Tamara Carter's excludable delay to him, because he was not consulted as to his view of her motions. There is no requirement in the speedy trial act that a codefendant, or the Court, consult with a codefendant when filing, or granting, a motion that would impact the speedy trial clock. At any time, Mr. Carter could have filed a response to Tamara Carter's motions stating his objection. Mr. Carter could have objected even after a motion was granted by seeking reconsideration of the Court's Order. Mr. Carter never filed an objection to Tamara Carter's motions for extension of time to file pretrial motions; and instead, he too filed multiple extensions of time to file pretrial motions. From November 12, 2020, Mr. Carter filed seven extensions of time to file pretrial motions, culminating in his Motion to Suppress filed on March 21, 2022. ECF Nos. 49, 58, 60, 66, 73, 76, & 83. Thereafter, beginning on March 28, 2023, Mr. Carter filed five additional motions seeking extensions of time to file pretrial motions, culminating in his filing of three pretrial motions on December 12, 2023. ECF Nos. 153, 160, 169, 184, & 199. The speedy trial clock also stopped due to the filing of Mr. Carter's motion for a pre-plea presentence report. ECF No. 122. The Order granting Mr. Carter's motion excluded time from August 31, 2022 to November 30, 2022. ECF No. 125.

A complete picture of the progress of this case must include the fact that between the two codefendants, they have had representation by seven different defense counsel. Mr. Carter was first represented by retained counsel, Stanton Levenson and Amy Carter, until they were permitted to withdraw in September 2022, due to irreconcilable differences. A Criminal Justice Act defense attorney, Komron Makoon, was appointed to represent Mr. Carter on September 28, 2022. Due to differences between Mr. Carter and Mr. Maknoon, Mr. Maknoon was permitted to withdraw representation in August 2023. Next, defense counsel Mark Sindler was appointed to represent Mr. Carter pursuant to the Criminal Justice Act. Mr. Sindler remained as counsel until August 2023, when Mr. Carter retained his current counsel, Vadim Glozman and Nicole Pijan.

Tamara Carter was initially represented by Melvin Vatz, who was appointed as defense counsel, pursuant to the Criminal Justice Act. Mr. Vatz was granted leave to withdraw his representation on December 20, 2021, based upon his personal unavailability to continue with the case. That same day, Robert S. Carey, Jr. was appointed as defense counsel. Mr. Carey remained as counsel until August 3, 2023, when, due to a client/counsel breakdown, he was permitted to withdraw representation. Brian D. Aston was then appointed as counsel for Tamara Carter on August 3, 2023.

In light of each defendant's efforts to ensure that they have appropriate representation, it is not unreasonable that extensions of time were sought to ensure that such representation was effective. Such changes inevitably cause delay, for good reason. A new defense attorney needs time to adequately review the case, communicate with their client, and prepare for resolution, whether by a plea of guilty or by proceeding to trial. 18 U.S.C. § 3161(h)(7)(B)(iv).

In addition, applying the factors identified by the Supreme Court in *Barker*, Mr. Carter's Sixth Amendment rights have not been violated. *Barker*, 407 U.S. at 530 (length of delay,

reason for delay, defendant's assertion of his right, and prejudice to the defendant). First, the delay in this case, although over three years, is justified, in part, by the changing of defense counsel. The delay is especially warranted when considering that the indictment alleges a complex drug trafficking and money laundering conspiracy. The parties initially projected a three-week jury trial; but through cooperation of counsel and stipulations, they now project a one-week jury trial. Even so, the government intends to introduce over 300 exhibits. Second, the government has not sought to delay the case in any manner. As explained above, the bulk of the delay in this case occurred as a result of each codefendant's actions. Third, Mr. Carter did not assert his right to a speedy trial until he filed the instant Motion, approximately three years after his initial appearance. Fourth, Mr. Carter has not explained how he has been prejudiced by the delay. Finally, balancing the factors, and considering all of the evidence set forth above, the Court finds that Mr. Carter's Sixth Amendment speedy trial rights have not been violated. *Id.* at 533 (courts should balance the factors, which "must be considered together with such other circumstances as may be relevant").

### III. Conclusion

The Court concludes that there is no speedy trial clock violation as to Mr. Carter. The period of time, between when his Motion to Suppress became ripe and when the Court ruled on the Motion, is properly excluded. 18 U.S.C. § 3161(h)(1)(D). Additionally, Tamara Carter's excludable time, as a codefendant of Mr. Carter, is considered excludable as to Mr. Carter, as he is "joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The Court finds that there is no violation of Mr. Carter's speedy trial or Sixth Amendment rights. Accordingly, the following Order is entered.

**ORDER**

AND NOW, this 23rd day of February 2024 it is hereby ORDERED that Defendant Paris Carter's Motion to Dismiss for Violation of the Speedy Trial Act (ECF No. 203) is DENIED.

_____
Marilyn J. Horan
United States District Judge
