IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Cr. No. 20-104 |
| | ) |
| PARIS CARTER | ) |

**<u>Order on Paris Carter's Motion in Limine to Exclude Evidence of Rap Lyrics</u>**

Presently before the Court is Defendant Paris Carter's Motion in Limine to Exclude Evidence of Rap Lyrics. (ECF No. 230). The government has filed a Response opposing the exclusion of such evidence. (ECF No. 231).

Mr. Carter seeks exclusion of rap lyrics found on Mr. Carter's iPhone 8 Plus. Gov. Ex. 606 at 9-10.[1] The government has also identified another relevant exhibit containing rap lyrics from Mr. Carter's iPhone 6s Plus. Gov. Ex. G-676 at 58-59.[2] The Court has reviewed the

---

[1] Statements created between November and December 2017:

   "Took a hour to count them Jackson's"
   - "Ain't no limit on these hunnits b[___] I got paper"
   - "All my hoes wifey fed want to indict me dam this money excite me"
   - "These hunnits they all blue I'm on a whole other level all my b[___] new"
   - "I'm the bread man I might jus leave you crums / choppa hit u leave u numb/swerver n that new Bentayga poccets with the mumbs/yellow b[____] yea that tatoe dumb"
   - "Use to sell Dope at my mommas house then hind the money at my grandmas house"
   - "I know imma walking licc that's y I got the F N baby yeah that's my talk n lil sticc"
   - Ask last n[___] that try me he felt F N was on side me"

Gov. Ex. G606 at 9-10.

[2] Statements created between February and August 2017:

   - "If you ain't got more money then me you can't really diss me"
   - "I did 3 years on a bunk but I just made 300k in a week"
   - "6 digit night took 3hrs to count da money"
   - "I just bought her some bundles gave her some hunnit's her head was thunder"
   - "Young n[___] start moving that weight my got swole n[___]"
   - "If money talk then I must be screaming on you [___]"
   - "I ain't never take anyone to the spot half milli thereEverbody talking briccs but they don't own non what you n[___] know about counting millions"

contents of both exhibits as such pertains to rap lyrics.[3]  Mr. Carter argues for exclusion of the evidence on two bases.  First, he argues that introducing the lyrics as evidence would infringe upon his First Amendment right to freedom of expression.   He also argues that the probative value of the rap lyrics is substantially outweighed by the danger of unfair prejudice and the probative value of the evidence would be substantially outweighed by needlessly presenting cumulative evidence.  Prior to jury selection, the Court indicated that it was denying the Motion, and subsequently the Court orally provided supporting reasons for the denial.  In support of the ruling, the Court now sets forth the following written reasons.

I. **First Amendment**

The First Amendment does not "prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993).  Mr. Carter's right to free speech is not being limited or regulated with respect to the

---

- "Big boy living in my city like them Hollywood stars hoe"
- "Walk up in the store buy what ever give a F[___] about the cost"
- "I ain't going to lie been getting this money for a long time but I want some more"
- "To make it out the streets you gotta have a vision you gotta have a plug to get them pigeons and a n[___] to get em off on."

Gov. Ex. G-676 at 58-59.

[3] Government Exhibit G-676 also includes a list of what the government states are fentanyl analogues, with notations, as follows:

- "Lofentanil (legal)
Carfentanil
R-30490 (legal)
 4-carboethoxyohmefentanil (legal)
2-Fluorohmefentanil
Ohmefentanyl
3-Methylfentanyl
4-Phenylfentanyl (legal)
Sufentanil
Ocfentanil (legal)
Remifentanil
Acrylfentanyl (legal)
Fentanyl"

As the above is not represented to be rap lyrics and because the defense has not specifically challenged it, the Court does not address this evidence in relation to the present Motion.

2

instant charges. Mr. Carter is charged in a drug conspiracy and a money laundering conspiracy. The rap lyrics contained within two different cell phones appear to mirror certain aspects of the drug conspiracy, the money laundering conspiracy, and the accumulation of money. Moreover, the time frame when the lyrics were written overlap with the time frames of the two conspiracies. In addition, "[e]vidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Mitchell*, 508 U.S. at 489. Finally, the rap lyrics at issue were never published to the public or performed. The Court finds that introducing evidence of Mr. Carter's rap lyrics is not a violation of Mr. Carter's First Amendment rights.

      II.      **Rule 403 Balancing**

Federal Rule of Evidence provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The lyrics at issue are relevant with respect to motive, intent, and corroboration. As stated above, the lyrics mirror certain aspects of the drug conspiracy charge and the money laundering conspiracy charge. Significantly, the time frame in which the lyrics were written overlap with the time frame of the conspiracies. Mr. Carter refers to money several times in his lyrics in a manner suggesting involvement with illegal conduct and reflecting the accumulation of cash from the acts performed during the conspiracy. He also refers to a Bentley, which is a vehicle that is alleged to have been procured as part of the money laundering scheme. Thus, the evidence is relevant.

The Court also concludes that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice or by the danger of needlessly presenting

cumulative evidence. The evidence of the lyrics taken from Mr. Carter's cell phones is being introduced by the government to show that, while the events of the alleged conspiracies were occurring, Mr. Carter was composing lyrics on his cell phones reflective of the conspiratorial events and related acts. They are not direct evidence of crimes being committed, nor are the lyrics a direct confession of guilt. There is no danger of unfair prejudice, as the evidentiary value of the lyrics for the government is in their ability to suggest corroboration of acts in the conspiracy, as the lyrics appear to have been written by Paris Carter as reflective of, primarily, fruits of the alleged conspiracies. Said fruits being, money, a Bentley, prestige, and power.

Given the above, permitting the evidence to be admitted is not needlessly cumulative, as the government intends to introduce the lyrics to corroborate its other evidence. The defense will have its opportunity to respond to the government's evidence and arguments.

Accordingly, the following Order is entered.

AND NOW, this 5th day of March 2024, Paris Carter's Motion in Limine to Exclude Evidence of Rap Lyrics. (ECF No. 230) is DENIED. The government is permitted to introduce into evidence, rap lyrics as appearing in Government Exhibit 606 at 9-10, and Government Exhibit G-676 at 58-59.

Marilyn J. Horan
United States District Judge